■ In the Matter of PETER CAVALLARO, Appellant, v NASSAU COUNTY BOARD OF ELECTIONS et al., Respondents. [763 NYS2d 512] —In a hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the Nassau County Board of Elections to comply with the provisions of Town Law § 85 and an action for a judgment declaring, among other things, that Town of North Hempstead Code § 15A-1 is inconsistent with Town Law § 85 and therefore invalid, the petitioner appeals from a judgment

of the Supreme Court, Nassau County (Roberto, J.), dated June 18, 2003, which denied the petition and dismissed the hybrid proceeding and action.

Ordered that the judgment is modified, on the law, by adding a provision thereto declaring that the Town of North Hempstead Code § 15A-1 is not inconsistent with Town Law § 85 and is valid; as so modified, the judgment is affirmed, with costs to the respondents.

Town Law § 85 provides, in pertinent part, that after a proposition has been adopted in a town of the first class for the establishment of the ward system, the board of elections of the county in which the town sits shall divide the town into wards and fix the boundaries thereof (see Town Law § 85). In 1987, Town of North Hempstead Code § 15A-1 was enacted. That section provides, in pertinent part, that after a proposition has been adopted for the establishment of the ward system, the Town Board of the Town of North Hempstead shall divide the Town into wards and fix the boundaries thereof.

Contrary to the petitioner's contention, Town of North Hempstead Code § 15A-1 is not preempted by the statutory criteria expressed in Town Law § 85 (cf. *Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372 [1989]).

The petitioner's remaining contention is without merit.

We note that since this is, in part, a declaratory judgment action, the Supreme Court should have declared that Town of North Hempstead Code § 15A-1 is valid (see *Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed,* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Ritter, J.P., Smith, S. Miller, H. Miller and Townes, JJ., concur.